UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:25-CV-14326-DMM

SMALL BUSINESS ADMINISTRATION,
AN AGENCY OF THE UNITED STATES OF AMERICA,

   Plaintiff,

v.

SOUTH FLORIDA BARBEQUE OF EUSTIS, INC., et al.,

   Defendants.

_____/

**PLAINTIFF'S MOTION TO APPOINT RECEIVER
TO CONDUCT SALE OF REAL PROPERTY IN LIEU OF UNITED STATES MARSHAL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SMALL BUSINESS ADMINISTRATION, an agency of the United States of America ("Plaintiff" or "SBA"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 66, 28 U.S.C. §§ 2001–2004, 15 U.S.C. § 634(b)(1), 28 U.S.C. § 3001, et seq., and this Court's inherent equitable powers, hereby moves for entry of an Order appointing a receiver with expanded authority to manage and sell the subject real property in lieu of a United States Marshal, and states:

   **I.**      **INTRODUCTION**

This case involves a judgment obtained by the SBA against a borrower on a defaulted unsecured SBA loan. Plaintiff performed a thorough investigation as to the Defendant Dale Coyne's assets and located a vacant parcel of land in Plainfield, Illinois. The land is valued at anywhere from $150,000.00 to $200,000.00. Plaintiff obtained an abstract of judgment from the Clerk of the Court, and recorded same in Will County, Illinois where the property is located and obtained a Writ of Execution from this Court. [ECF No. 34].

The United States Marshall in Illinois informed the undersigned that the Marshal does not conduct Marshal sales and instead advised that private sales have become the norm. Plaintiff researched the area for receivers and learned that the property in question would be best served by a real estate agent acting as a receiver working pursuant to an Order from this Court.

Plaintiff seeks appointment of a receiver to (i) preserve and maintain the property as necessary, (ii) professionally market the subject property, and (iii) maximize recovery through a Court-supervised and approved private sale.

Given the nature of the collateral—a vacant lot in a housing development, a United States Marshal's sale would not yield fair market value. A receivership as requested herein, by contrast, would allow for active management, broker-driven marketing, structured sale procedures consistent with commercial practice, and a sale only upon court approval.

## II. BACKGROUND

1. Defendants defaulted under loan obligations owed to SBA.

2. This Court entered Final Judgment on March 4, 2026, authorizing enforcement.

3. The Clerk of the Court issued a Writ of Execution on March 30, 2026 [DE 34].

4. SBA now holds a secured interest in the real property located on South McKenna Drive in Plainfield Illinois, PIN# 06-03-28-101-004-0000 (the "Property").

5. The Property is a vacant asset that requires minimal preservation and moderate maintenance, and professional marketing to appropriate buyers.

6. Without court intervention, Plaintiff would not be able to have the subject property sold. The value of the Property may diminish due to lack of oversight or market exposure.

### III. LEGAL AUTHORITY

Federal Rule of Civil Procedure 66 authorizes appointment of receivers. The Court has broad equitable discretion to appoint a receiver to preserve property and effectuate judgment. In addition, under 15 U.S.C. § 634(b)(1), SBA is expressly authorized to seek the appointment of receivers in federal court to protect its collateral and enforce its rights. As the Plaintiff is proceeding under a Writ of Execution pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), the Court has the authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure…" including the procedure for enforcing a writ of execution. *See* 28 U.S.C. § 3013. Finally**,** 28 U.S.C. § 2001(b) permits private sales of real property under terms set by the Court where such sales serve the best interests of the estate. Courts routinely approve receiver-conducted sales with appropriate safeguards, including appraisal and confirmation procedures.

### IV. ARGUMENT

The Property is a vacant waterfront parcel in a development requiring exposure to a targeted buyer pool. A receiver would provide MLS and broker exposure, negotiated deal-making, due diligence coordination, and structured bidding procedures. Absent a receiver and Court Order, the Property could not be sold and the SBA judgment would not be satisfied.

Federal courts consistently recognize SBA's right to seek receivership relief to protect collateral, particularly where a loan is in default, collateral is at risk of waste or diminished value; and liquidation requires specialized handling.

A receiver can implement a transparent, court-supervised sale process including broker listing, marketing period, competitive bidding, and court approval. This ensures both fairness and value maximization. Significantly, the cost of a typical corporate receiver would make the sale of

the property financially impractical. The proposed receiver would work on a typical commission basis to facilitate the property sale.

## V. PROPOSED RECEIVER AND QUALIFICATIONS

The proposed receiver is competent to administer the Property and carry out the Court's directives. Plaintiff interviewed and proposes Stephen Engel, a qualified and disinterested receiver. Mr. Engel provided the undersigned with a competitive market analysis and history of the listings for the subject property along with property survey data. He has substantial experience in real estate as indicated below:

> With 38 years of full-time experience in real estate and 25 years as a Designated Managing Broker, Steve Engel offers unmatched expertise, mentorship, and leadership in the industry. Currently a Full Tim Full Service Broker helping friends, family and referrals with all of their real estate needs. Steve has consistently been a Top Producing agent in the office but more important to him is the top customer service given to each and every client.
>
> Whether this is your first or fifth home, personal purchase or investment, local or across the country, Steve prides himself in being able to help. With World Wide connections he is able to locate a top producing agent to help you no matter where you want to sell or move.
>
> A lifelong resident of Chicagoland — including DuPage and Will Counties — Steve combines deep local knowledge with real-world experience as both a broker and investor in Illinois and Florida. His commitment to professional excellence is matched by his history of service, having served on the Government Affairs Committee for the Mainstreet Organization of REALTORS®, the Board of Directors for the Three Rivers Association of REALTORS®, and the Valley View School Board of Education.
>
> Steve is deeply rooted in community leadership, with roles including Founding President of the Romeoville Exchange Club and past board positions with the Valley View Educational Enrichment Foundation and the RHS Baseball Dugout Club.

## VI. RECEIVER POWERS

Plaintiff requests that the receiver be authorized to:

1. Take immediate possession and control of the Property;

2. Secure and maintain the Property;

3. Market the Property;

4. Enter contracts necessary for preservation and sale;

5. Execute a purchase agreement subject to Court approval.

## VII. RECEIVER COMPENSATION

The receiver and retained professionals shall be compensated as follows:

1. Receiver Fees: Standard real estate commission of three percent. The receiver will only get paid if the property sells pursuant to a Court approved sale.

2. All fees and expenses, including and buyer's agent commission, shall be paid from sale proceeds, subject to Court approval.

## VIII. PROPOSED SALE PROCEDURES

Plaintiff proposes the following Court-approved sale framework:

A. Listing and Marketing

The Property shall be listed with the receiver who is also a licensed real estate broker.

The listing shall be on MLS and other commercial platforms.

Marketing period: minimum of 90 days.

B. Initial Offer and Purchase Agreement

Receiver may accept the highest and best offer, subject to Court approval.

A deposit (e.g., 10%) shall be required from the proposed purchaser.

C. Appraisal Requirement (28 U.S.C. § 2001(b))

One or more independent appraisals shall be obtained.

Sale price shall not be less than two-thirds of appraised value unless otherwise approved by the Court.

D. Notice Procedure

Notice of proposed sale or the MLS listing shall be filed with the Court.

Competing offers may be submitted before confirmation.

E. Auction (If Necessary)

If competing offers are received, the receiver may conduct an auction (in person or virtual), subject to Court oversight.

F. Court Approval

Final sale shall be subject to Court confirmation.

## IX. LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel certifies that a good faith effort was made to confer with Defendants but made no contact despite diligent efforts thereto. Emails were sent to the Defendant and phone calls were placed by the undersigned. Messages were left with the Defendant but not returned.

## X. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Appoint Steve Engel as receiver;

2.      Grant the receiver the powers set forth herein;

3.      Approve the proposed compensation structure;

4.      Approve the proposed sale procedures;

5.      Authorize and approve the sale of the Property in lieu of a United States Marshal; and

6.      Grant such further relief as the Court deems just and proper.

LAW OFFICES
STEVEN M. DAVIS, PA
13611 SOUTH DIXIE HIGHWAY, SUITE 407
MIAMI, FL. 33176
(786) 505-9996

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing have been efiled and served via CM/ECF on April 14, 2026 to all registered parties and by U.S. Mail to all unregistered parties.

Steven M. Davis
Steven M. Davis, P.A.
13611 S. Dixie Highway, Unit 407
Miami, Fl. 33176
steve@sdavislawyers.com
(786) 505-9996

By: _____
Steven M. Davis
Florida Bar # 894249