UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 25-CV-14326-MIDDLEBROOKS

SMALL BUSINESS ADMINISTRATION,
AN AGENCY OF THE UNITED STATES OF AMERICA,

  Plaintiff,

v.

SOUTH FLORIDA BARBEQUE OF EUSTIS, INC., et al.,

  Defendants.

_____/

## ORDER APPOINTING RECEIVER
## AND APPROVING SALE PROCEDURES

THIS CAUSE comes before me upon Plaintiff Small Business Administration, an Agency of the United States of America's ("SBA") Motion to Appoint Receiver and Approving Sale Procedures, filed on April 14, 2026. (DE 35). No response has been filed and the deadline to do so has passed. The Court has reviewed the Motion and finds good cause to appoint a receiver.

Federal Rule of Civil Procedure 66 authorizes appointment of receivers. The Court has broad equitable discretion to appoint a receiver to preserve property and effectuate judgment. In addition, under 15 U.S.C. § 634(b)(1), SBA is expressly authorized to seek the appointment of receivers in federal court to protect its collateral and enforce its rights. As the Plaintiff is proceeding under a Writ of Execution pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), the Court has the authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure..." including the procedure for enforcing a writ of execution. *See* 28 U.S.C. § 3013. Finally, 28 U.S.C. § 2001(b) permits private sales of real property under terms set by the Court where such sales serve the best

interests of the estate. Courts routinely approve receiver-conducted sales with appropriate safeguards, including appraisal and confirmation procedures.

The Property is a vacant waterfront parcel in a development requiring exposure to a targeted buyer pool. A receiver would provide MLS and broker exposure, negotiated deal-making, due diligence coordination, and structured bidding procedures. Absent a receiver and Court Order, the Property could not be sold and the SBA judgment would not be satisfied.

Federal courts consistently recognize SBA's right to seek receivership relief to protect collateral, particularly where a loan is in default, collateral is at risk of waste or diminished value; and liquidation requires specialized handling.

A receiver can implement a transparent, court-supervised sale process including broker listing, marketing period, competitive bidding, and court approval. This ensures both fairness and value maximization. Significantly, the cost of a typical corporate receiver would make the sale of the property financially impractical. The proposed receiver would work on a typical commission basis to facilitate the property sale.

### Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff SBA's Motion to Appoint Receiver and Approving Sale Procedures (DE 35) is **GRANTED**.

2. Receiver Appointed: Stephen Engel shall be appointed as Receiver.

3. Control of Property: Receiver shall take immediate possession and control.

4. Powers: Receiver is authorized to manage, operate, market, and sell the Property subject to approval of this Court.

5. Compensation: Receiver and professionals may seek compensation upon Court approval.

6.  Sale Procedures Approved: The Court approves the sale procedures set forth in the Motion.

7.  Private Sale Authorized: Receiver may conduct a private sale pursuant to 28 U.S.C. § 2001.

8.  Marshal Relieved: The United States Marshal is relieved of any obligation to conduct the sale.

9.  This Court shall retain jurisdiction over the receivership and sale.

**SIGNED** in Chambers, at West Palm beach Florida, this ___ day of June, 2026

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.

Counsel of Record